### HERDER *v.* WALTHER.

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

CHATTEL MORTGAGES—FILING COPY.

 A chattel mortgage which has "ceased to be valid," as against purchasers and creditors, by failure to file a copy of the mortgage within 30 days next preceding the expiration of the year after the mortgage was filed, as required by 3 Rev. St. N. Y. p. 2249, cannot be revived by filing the copy after the expiration of the year.

Motion for leave to appeal to the court of appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*H. A. Sperry*, for plaintiff. *Jeroloman & Arrowsmith*, for defendant.

PER CURIAM. The only ground for this motion is the fact that *Nixon* v. *Stanley*, 33 Hun, 248, based upon *Swift* v. *Hart*, 12 Barb. 530, is contrary to the decision of the general term of this court in this case, and it is claimed that there is no decision of the court of appeals decisive of the question involved here; and this notwithstanding the decision of the court of appeals in *Marsden* v. *Cornel*, 62 N. Y. 219. In the latter case, that court expressly holds that, on a failure to file a true copy of a chattel mortgage, together with the statement required by law, within 30 days next preceding the expiration cf the year, the mortgages cease to be valid against subsequent *bona fide* purchasers or creditors.[1] In the course of that decision, the court notices *Swift*

[1] 3 Rev. St. N. Y. (7th Ed.) 2249.

v. *Hart, supra,* and states that, so far as that case conflicts with the opinion then delivered, it was not approved by that court. Now *Swift* v. *Hart* proceeds upon the theory that a chattel mortgage, after the expiration of the year, becomes dormant as respects *bona fide* purchasers and creditors, but that such instrument may be revived by refiling it after the expiration of the year. This we think in direct conflict with *Marsden* v. *Cornel.* A dormant instrument may be revived and made effectual by the acts of the parties, but an instrument which has ceased to be valid cannot be thus revived by any act of the parties to it. The motion for leave to go to the court of appeals should therefore be denied, with $10 costs.