GEORGE F. COPE, CASHIER, RESPONDENT, *v.* MINNE-
SOTA TYPE FOUNDRY CO. ET AL., RESPONDENTS.

[Submitted March 23, 1898.   Decided March 28, 1898.

In order to renew a chattel mortgage, it is not necessary to state in the affidavit (pro-
     vided for in Section 1542, Fifth Division of the Compiled Statutes) that the  mortgage
     is extended; it is sufficient, in that respect, if the affidavit states the amount of the
     debt justly owing at the time of filing the affidavits and the time to which the pay-
     ment of the debt is extended.

*Appeal from District Court, Lewis and Clarke County.
Henry ·C. Smith, Judge.*

ACTION by George F. Cope, cashier, against the Minnesota
Type Foundry Company and others.   Judgment for plaintiff.
Some of the defendants appeal.   Affirmed.

Statement of the case by the justice delivering the opinion.

The nature and history of this case are fully stated in the
former report thereof.   (20 Mont. 67, 49 Pac. 387.)   The
action was originally brought by George F. Cope, cashier,
against the defendants, the Minnesota Type Foundry Com-
pany, J. Henry Jurgens and Lucien Eaves.   A demurrer to
the amended answer of defendants Jurgens and the Minnesota
Type Foundry Company was sustained.   Plaintiff's motion
for judgment on the pleadings was granted, and defendants
appealed.   The action of the District Court was reversed (1)
because of the omission of the plaintiff's complaint to properly
aver that the chattel mortgage involved in the suit was filed
for record, and (2) because it was not properly pleaded that
said mortgage had been extended to the 22nd of June, 1896.

The case was again proceeded with before the District
Court, where plaintiff filed an amended complaint, in which
he averred that the chattel mortgage described in the com-
plaint was filed for record. and that for the purpose of renew-
ing said mortgage, under the provisions of Section 1542,
Fifth Division of the Compiled Statutes, 1887, the debt being

wholly unpaid, plaintiff filed in the office of the clerk and re-corder a certain affidavit, showing "the date of said mortgage, the names of the mortgagor and mortgagee therein, the date of filing the same, the amount of the debt secured thereby, the amount of said debt justly owing at the time of filing said affidavit, the time to which the same is extended, and that such debt was not made nor renewed nor extended to hinder, delay, or defraud creditors or subsequent mortgagees of said mortgagor," etc.

To this amended complaint, defendants the Minnesota Type Foundry Company and Jurgens answered, by pleading the affidavit under which plaintiff alleged he had renewed the mortgage, and denying that, by reason of the facts alleged, the mortgage was renewed or continued for any length of time, or at all.

Plaintiff was granted a judgment on the pleadings. The type foundry company and Jurgens have appealed.

*Clayberg, Corbett & Gunn,* for Appellants.

It is very clear from the provisions of Sections 1541, 1542 and 1543 that a chattel mortgage may be renewed or extended, without extending the time for the maturity of the debt secured thereby, and that an extension of the time of payment of the indebtedness does not operate to renew or extend the mortgage. As an extension of the time of payment of the indebtedness does not renew or extend the mortgage and a renewal of the mortgage does not extend the time of payment of the indebtedness no reason can exist for stating in the affidavit for renewal the time to which the payment of the indebtedness is extended. The extension of the time for the payment of the indebtedness secured by a chattel mortgage is a matter that does not concern third parties, and can be arranged by agreement between the mortgagee and mortgagor without making a record of such agreement, as shown by Section 1543. The extension of the mortgage, however, is a matter which clearly affects third parties, and it is for this reason

that the law has wisely provided that a notice of the period of such extension or renewal must be given by requiring the affidavit to be filed. Statutes relating to the renewal of chattel mortgages must be strictly construed. (Cobbey on Chattel Mortgages, § 591.) This court has, by a uniform line of decisions, held that the failure to strictly comply with the provisions of the chattel mortgage law with reference to the affidavit to be attached to a chattel mortgage, renders the mortgage void. (*Milburn Manufacturing Co.* v. *Johnson*, 9 Mont. 537; *Baker* v. *Power*, 7 Mont. 326; *Marcum* v. *Coleman*, 10 Mont. 73; *Leopold* v. *Silverman*, 7 Mont. 266; *Butte Hardware Co.* v. *Sullivan*, 7 Mont. 307; *Cope* v. *Type Foundry Co.*, 49 Pac. 387.)

*Wm. Wallace, Jr.*, Attorney for Respondent.

The act speaks of renewing the mortgage by doing certain things; these things done—the effect is to renew the mortgage. The things to be done involve statements to be made in the affidavit; the object of those statements was to inform creditors and other persons of the amount of the mortgage debt. The principal object of the statute is to give notice to all persons interested at intervals of two years of the amount of the mortgage debt. (*Rice* v. *Kahn*, 35 N. W. 465, 467.) The mortgage is a mere incident to the debt; the assignment of the latter carries the former with it, though the former be not named. (Jones on Mortgages, § 817 and notes; § 3825 of the Civil Code and cases cited.) For this reason, in the satisfaction of a chattel mortgage, you simply state that the debt is paid, or the conditions fulfilled, or the obligation discharged, not that the mortgage is satisfied, which is a legal conclusion flowing from the stated facts. (§ 712, Fifth Division of the Compiled Statutes; § 933 of the Civil Code; § 1552, Fifth Division of the Compiled Statutes; § 3874 of the Civil Code.) Just as here the mortgage is renewed by giving essential information under oath as to the mortgage debt. Counsel cites Montana decisions holding these statutes in derogation of the

common law, and therefore to be strictly construed. These statutes are continued in the new code. The code itself expressly declares the rule of interpretation as follows: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to effect its objects and to promote justice." (§ 4652 of the Civil Code; Cobbey on Chattel Mortgages, § 593; *Manwaring* v. *Jennison*, 61 Mich. 120 foot, 140 foot; (27 N. W. 899). It is admitted that the purpose of the plaintiff in filing the document was to comply with this section. He designed doing nothing else. The object of the act is fully accomplished by the affidavit filed. For, as we have seen, the purpose of the act was to furnish information as to the condition of the mortgage debt, and it is held that if the affidavit filed accomplishes the purpose of the act, even though not in the saying that it operated to extend the debt or obligation, which is entirely distinct from the mortgage lien. Counsel asserts that any debt, maturing several years hence, may be secured by a chattel mortgage, and urges this as indicating that the renewal section can not contemplate a statement of debt extension. But it is decided that a mortgage thus given to secure notes maturing later than the maximum statutory period, is thereby rendered void as to creditors and purchasers. (*Silvis* v. *Aultman & Co.*, 31 N. E. 11, 13.) The statute referred to in the case last cited is useful by way of contrast to show how a statute would be worded if it was intended that the affidavit should state the time to which the mortgage was extended. It is a primary rule of construction that a statute must be so interpreted, first, as to accomplish its purpose; and second, so as, if possible, to give some meaning and effect to every word employed. The interpretation contended for by appellant not only renders the words "renewed or extended" in the last italics clause without meaning, but renders them absolutely contradictory.

Were not the foregoing suggestions conclusive of this ques-

tion, the further point may be suggested that respondent's mortgage was good until August 22nd without renewal. Meantime the code went into effect, and under its changed provision (controlling as to effect of notice after July 1, 1895) appellants could acquire no right against us because they had actual notice of our mortgage. (§ 3861 of the Civil Code; Cobbey on Chattel Mortgages, 598 and cases cited; *Riederer* v. *Pfaff*, 61 Fed. 872; *Bank* v. *Kuhnle*, 31 Pac. 1057, 1058; *Nix* v. *Wiswell*, 54 N. W. 620; *Rice* v. *Kahn*, 35 N. W. 465, 466 foot.)

HUNT, J.—The question for decision is : Was the affidavit for renewal, which respondent relies upon, sufficient to renew the mortgage ? The affidavit is as follows :

"George F. Cope, cashier, being duly sworn, deposes and says : (1) That he is the mortgagee named in a certain chattel mortgage made and executed by Lucien Eaves, the mortgagor therein named; (2) that said mortgage bears date upon the 22nd day of June, 1895, and that the same was filed of record in the office of the County Recorder of the County of Lewis and Clarke, and State of Montana, upon the 22nd day of June, 1895; (3) that the amount of the debt or obligation secured by the said chattel mortgage is the sum of one thousand and sixty-six dollars, and that there is now justly owing upon said debt or obligation the sum of one thousand and sixty-six dollars; (4) that the time for the payment of said last mentioned sum is hereby extended to the 22nd day of June, A. D. 1896; (5) that said debt or obligation was neither made, nor is the same renewed or extended, to hinder, delay, or defraud the creditors or subsequent mortgagees of the mortgagor. George F. Cope, Cashier.

"Subscribed and sworn to before me, this 26th day of June, 1895. Frank D. Miracle, Notary Public in and for the County of Lewis and Clarke, State of Montana."

The statute under which renewals of chattel mortgages were made when the mortgage involved herein was given and renewed was as follows :

''Every mortgage of goods, chattels or personal property made, acknowledged and filed as provided by the laws of this state may be renewed at or before the maturity of the debt or obligation secured thereby in case such debt or obligation, or any part thereof, be unpaid or unfulfilled, by filing an affidavit showing the date of such mortgage, the name of the mortgagor and mortgagee, the date of filing the same, the amount of the debt or obligation secured thereby, and the amount of the debt justly owing at the time of filing such affidavit or the conditions of the obligations unfulfilled, the time to which the same is extended, which time shall not exceed one year, and that such debt or obligation was neither made nor renewed or extended to hinder, delay or defraud the creditors or subsequent mortgagees of the mortgagor, which affidavit shall be subscribed and sworn to by the mortgagee before an officer authorized to administer oaths, and filed in the office where such mortgage therein described is filed, and thereupon the clerk and recorder of deeds of such county shall attach such affidavit to the mortgage therein described and note the date of filing thereof opposite the entry of the mortgage therein described in the book provided by law for the entry of chattel mortgages and thereby such mortgage shall be renewed, continue and be valid and of full force and effect upon the goods, chattels or personal property described therein for the time stated in such affidavit, not to exceed one year.''

Does the affidavit, quoted above, conform to the statute? We think it does, and that when said affidavit was filed in the office where the original mortgage therein described was filed, and when the clerk and recorder of deeds of the county in whose office the mortgage was filed attached the affidavit to the mortgage therein described, and noted the date of filing as provided by the statute, thereby the mortgage was renewed, was continued and became a valid lien, of full force and effect upon the chattels described in the mortgage, for the time specified in the affidavit.

The statute declares that ''every mortgage * * * made, acknowledged and filed as provided by the laws of this state

may be renewed  *  *  *  by filing an affidavit,'' etc. Thus,· the right to have the mortgage renewed is complete, provided the necessary affidavit to make effectual the renewal is made and filed. The affidavit contemplated must show six essential facts: (1) The date of the mortgage; (2) the name of the mortgagor and mortgagee; (3) the date of filing the (same) mortgage; (4) the amount of the debt or obligation secured (thereby) by the mortgage; (5) the amount of the debt justly owing at the time of filing of the affidavit, or the conditions of the obligation unfulfilled; (6) the time to which the (same) debt or obligation unfulfilled is extended; and (7) that such debt or obligation unfulfilled was neither made nor renewed nor extended to hinder, delay or defraud creditors or subsequent mortgagees of the mortgagor. It is by carrying out this prescribed method of showing these facts, and by filing an affidavit containing them, that the mortgage is renewed.

Counsel for appellant would have us read the sixth essential of the affidavit as though it required the affidavit to show ''the time to which the mortgage is extended,'' and not ''the time to which the debt or unfulfilled obligation is extended.'' But if it is kept in mind that the renewal is by means of filing the affidavit referred to, and not by indorsements or writings upon the original mortgage, we are held to a consideration of just what the contents of the affidavit alone must be, and to an interpretation of the words and sense of the statute which provide for the showing to be made therein. The mortgage is a separate instrument, in no way affected until the affidavit has been filed and the proper entries have been made. By section 1542 it becomes the subject of renewal, and although necessarily to be referred to in the affidavit for renewal, still its renewal is accomplished by means of the affidavit, and by it alone. Examining the fifth subdivision of the necessary contents of the affidavit, we find that the amount of the debt justly owing, or the condition of the obligation unfulfilled, must be shown. By the condition of the obligation unfulfilled is meant the condition of the outside obligation to secure which the mortgage was originally given. The mortgagor, for ex

ample, may have obligated himself to indemnify the mortgagee for signing a note as surety in a bank, or for signing and executing a penal bond or an attachment bond, in which cases the affidavit must show the condition of the obligation of the mortgagor to the mortgagee yet unfulfilled. If it be a debt owing, the amount need only be stated. Under this interpretation of the fifth statement of the affidavit, the adjective "same," in the sixth statement, refers to the amount of the debt or obligation just before mentioned in the fifth statement as necessary to be shown in the affidavit for renewal. Then comes the seventh essential showing of the affidavit, where the reference of the statute to "such" debt or obligation again relates to the certain specified debt or obligation unfulfilled theretofore mentioned, and to secure which the mortgage was given.

We are confirmed in this construction of the statute by examining Section 1543 of the Compiled Statutes. It is therein provided that the filing of the affidavit required by Section 1542 "shall not be construed to extend the time of maturity of any debt or the execution of any obligation secured by such mortgage," but the same may be enforced, and such mortgage foreclosed, unless agreement be made between the mortgagee and mortgagor extending the time of payment of such debt or fulfillment of such obligation to the time stated in such affidavit. The words "obligation secured by such mortgage" are evidently any debt or obligation secured by such a mortgage as may be renewed under the provisions of Section 1542. Section 1543 pertains especially to the debt or obligation, as contradistinguished from the mortgage itself; while Section 1542 relates especially to the mortgage. Again, the latter section provides for the renewal of the mortgage; but the former expressly says that there shall be no extension of the time of maturity of the debt or obligation secured by merely filing the affidavit referred to, unless there is an agreement between mortgagee and mortgagor extending the time of payment of the debt or fulfillment of the obligation to the time stated in the affidavit of renewal.

It follows from this reasoning that Section 1542 is ineffectual for the purpose of extending the time of the maturity of the debt or obligation without Section 1543, for no extension of a mortgage only would carry with it the extension of the time of maturity of a debt secured by such mortgage. A mortgagee may, under Section 1542, keep his mortgage lien alive for the length of time stated in his affidavit of renewal; and thus third persons are put on notice of his extended lien and the amount due him, but the mortgagor may not derive the benefit of having the maturity of his debt extended through the mortgagee's act of renewal, unless he can agree with the mortgagee to extend the time of payment of such debt. If he makes such an agreement, the statute is for his advantage, and he secures an extension without the cost and annoyance of a new mortgage. If he cannot make it, although the mortgagee may extend his mortgage, he can foreclose at any time within the period of extension.

The question at issue being purely one of statutory construction, our judgment is that respondent's affidavit is in accord with Section 1542; and, by filing the same, he thereby renewed the mortgage described in his complaint.

The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and PIGOTT, J., concur.

