CHAS. E. HARDING & COMPANY, Appellants, v. FRANK KELSO, Respondent.

**Kansas City Court of Appeals, January 20, 1902.**

1. **Chattel Mortgage: AGISTMENT: RATIFICATION: LIENS.** A chattel mortgage is a superior lien to that of a subsequent agister's claim unless the mortgagee in some way assents to take second place; and the fact that the mortgagee may ratify one contract of agistment with the mortgagor will not bind him to a subsequent agreement between the mortgagor and the agister.

2. **Replevin: DEMAND: CONTRACT.** Where the mortgagee does not assent to the contract under which the agister holds the mortgaged cattle, demand of the agister is not necessary to maintain replevin.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*Harber & Knight* for appellant.

(1) An agister had no lien at common law, and the statute creating it (sec. 4228, R. S. 1899) being in derogation of common law, must be strictly construed. Stone v. Kelley,

59 Mo. App. 214; Baskin v. Wayne, 62 Mo. App. 515; Miller v. Crabbe, 66 Mo. App. 660. Liens, therefore, created by statute, can not be extended by estoppel. Gile v. Atkins, 74 Am. St. Rep. 341. (2) The lien provided by statute is for the "keep" only and can not be enlarged to cover matters of contract. Powers v. Botts, 58 Mo. App. 1; Cox v. McGuire, 26 Ill. App. 315; Skinner v. Caughry (Minn.), 67 N. W. 203; 13 Am. and Eng. Ency. of Law (1 Ed.), p. 623. (3) Even though it should be held that a lien existed for such contract, or that the same was such a contract that the mortgagee could, after notice, acquiesce in, yet such acquiescence would not give a lien for the feed occurring prior thereto, to-wit: from November until February 15. Boaden v. Dugan, 39 Me. App. 467.

*Hall & Hall* for respondent.

(1) Although the courts have decided that the lien of a prior recorded chattel mortgage is superior to an agister's lien, they have universally held that the mortgagee may waive the superiority of his lien by acquiescing in the agistment. Stone v. Kelly & Son, 59 Mo. App. 214; Pickett v. McCord, 62 Mo. App. 467; Hammond v. Danielson, 126 Mass. 294; Wright v. Sherman (S. D.), 52 N. W. 1093; 1 Cobbey on Chattel Mortgages, secs. 464, 466, 467; Jones Chattel Mortgages (4 Ed.), sec. 472. (2) Appellant contends "that the Mock-Kelso contract was good as a contract between them and one which they had a right to make." The statute beyond question authorizes a lien for feeding cattle under a contract. "Such a lien to have any existence, must be based on a contract." Cunningham v. Hamill, 84 Mo. App. 389; Bank v. Snyder, 85 Mo. App. 82. The special contract made by the parties is valid and governs the agistment. Powers v. Botts, 63 Mo. App. 285; Western Land & Cattle Co. v. Plumb, 27 Fed. 598; Schouler's Bailments and Carriers (2 Ed.), sec.

106; Bank v. Commission Co., 61 Mo. App. 143. (3) Appellant concedes that, by reason of his acquiescing in the feeding contract, the respondent has a lien for feeding the cattle after February 15. When appellant assented to the feeding contract he ratified the entire contract. It was not susceptible of division. Bank v. Gay, 63 Mo. 33; Chouteau v. Allen, 70 Mo. 290; Campbell v. Pope, 96 Mo. 468; Bless v. Jenkins, 129 Mo. 647; Hartman v. Hornsby, 142 Mo. 368; Hesse Printing Co. v. Travelers Ass'n, 7 Mo. App. 598; Hume v. Eagon, 73 Mo. App. 271; Suddarth v. Empire Lime Co., 79 Mo. App. 585; Broughton Bros. v. Sumner, 80 Mo. App. 386; Hunter v. Sternbridge, 17 Ga. 243; Cunningham v. Kenney, 105 Cal. 118; 45 Am. St. Rep. 30; Fullmer v. Poust, 155 Pa. St. 275; 35 Am. St. Rep. 881; Pierson v. Cook, 115 N. Y. 539; 12 Am. St. Rep. 831; Drakeley v. Gregg, 8 Wall. 242; 19 L. C. Ed. 409; 7 Am. and Eng. Ency. Law (2 Ed.), 144. (4) Plaintiff can not maintain this action of replevin for the reason that he did not make a demand for the possession of the cattle at a time when he was entitled to the possession thereof. Cole v. Railroad, 21 Mo. App. 443, separate opinion 450; 1 Cobbey on Chattel Mortgages, sec. 482. (5) Plaintiff, in his statement and brief, concedes that respondent is entitled to a lien for feeding the cattle from February 15 to May 14, but he failed to tender to respondent the amount thus admitted to be due for feeding during that time, and, therefore, he was not entitled to recover possession of the cattle. Montieth v. Great Western Printing Co., 16 Mo. App. 450; Powers v. Botts, 63 Mo. App. 285.

ELLISON, J.—This is an action of replevin for a lot of cattle. The judgment in the circuit court was for defendant.

It appears that one Mock was the owner of the cattle and that he gave to plaintiffs a chattel mortgage on them to secure

Vol 91 app—39

the payment of a large sum of money, possession being left with Mock. The mortgage was duly recorded. Afterwards, Mock turned the cattle over to defendant to feed and fatten for five months, and one month more if Mock gave thirty days notice to that effect; defendant's compensation being fixed as follows: The cattle were agreed to be of the weight of 35,110 pounds of the value of $4.25 per hundred. At the end of the five months, they were to be weighed back to Mock at $4.825 per hundred; but if the time of feeding was extended the one month provided for, they were to be weighed back at $4.94 per hundred. It seems that at about the expiration of the five months Mock desired them to be fed the extra month, but, by some means, did not give the proper notice, and defendant claiming to be released from his obligation to keep them, they agreed that he should keep them for that time when they should be weighed back at $5 per hundred, instead of $4.94, as originally stipulated.

Defendant had been feeding the cattle about three months before plaintiffs became aware of this contract with Mock. Their agent was then informed that defendant had them and of the terms of the original contract between him and Mock. The agent did not disapprove of the contract, but expressed satisfaction with the way they were getting on, and a willingness that defendant might continue to feed them. Defendant, however, did not act upon the suggestion of plaintiffs. He continued to feed them, it is true, but there is nothing in the record to show that plaintiffs' statement to him influenced him to do so. The record rather shows that he continued to feed because of his reliance upon the contract with Mock. He did not recognize the right of plaintiffs to interfere. He took no action, nor did he refrain from any action on account of what plaintiffs said to him. Plaintiffs, on their part, claim that they did not attempt to disturb defendant with the cattle for the reason that the note secured by the mortgage was not then due and that defendant's possession under the con-

tract did not break any of the conditions of the mortgage. Neither plaintiffs nor their agent knew anything of the *change* aforesaid which was *afterwards* made in the contract.

The substance of the court's instruction to the jury was that if plaintiffs' agent, after being informed by the defendant of the contract, as detailed above, assented thereto and authorized the further performance thereof, then it was a ratification and the finding would be for the defendant for the amount of his bill. And that in fixing the amount of the bill, the jury should calculate the weight of the cattle at $5 per hundred pounds, the sum agreed upon in the supplemental contract already mentioned.

I am inclined to the view that notwithstanding it be conceded that plaintiffs, after becoming aware of the contract, permitted defendant to go on with it, yet since defendant relied on his contract and did not recognize plaintiffs' rights and did not act on their suggestion, he can not claim any advantage from plaintiffs' conduct.

But it is not necessary to put our decision on that ground. It is enough to determine this case in plaintiffs' favor that the contract as it finally became under the supplemental agreement aforesaid, was never assented to by plaintiffs, for they never knew of it. Defendant's defense in the trial court and which prevailed there was based on a contract which it is conceded plaintiffs never validated. Defendant therefore is not entitled to a lien.

The law is that a chattel mortgage is the superior lien to that of a subsequent agister's claim, unless the mortgagee in some way assents to taking second place. Stone v. Kelly, 59 Mo. App. 214; Lazarus v. Moran, 64 Mo. App. 239; Miller v. Crabbe, 66 Mo. App. 660. So it is clear that whatever right defendant may have had, founded on the original contract, was waived by entering into an independent supplemental contract which supplanted the original and which was in no way contemplated by the original.

As defendant was holding the cattle under the contract to which plaintiffs never assented, it is manifest that no demand by plaintiffs was necessary. Defendant was without right.

The judgment should have been for plaintiffs and it will in consequence be reversed and cause remanded. All concur.