# FIRST NATIONAL BANK OF BUTTE, APPELLANT, *v.* BELEY, SHERIFF, ET AL., RESPONDENTS.

### (No. 2,071.)

(Submitted March 20, 1905. Decided March 31, 1905.)

*Chattel Mortgages—Requisites—Affidavit of Good Faith—Renewal—Effect of Affidavit.*

Chattel Mortgages—Statutory Requirements to be Strictly Followed.
1. The statutory requirements intended to protect the lien of the mortgagee on the mortgaged property against attaching creditors must be strictly followed.

Chattel Mortgages—Affidavit of Good Faith.
2. A chattel mortgage of property left in the possession of the mortgagor is void as against attaching creditors, where it is not accompanied by the affidavit of the mortgagee, required by Civil Code, section 3861, that the same is made in good faith and without design to hinder, delay or defraud creditors.

Chattel Mortgages—Proper Affidavit of Renewal will not Validate Void
Mortgage.
3. An affidavit of renewal of a chattel mortgage, filed under Civil
Code, section 3866, stating the necessary facts, does not validate a
mortgage which was originally void as to attaching creditors because
of the absence of the affidavit of good faith required by section 3861
of the same Code, although such mortgage is good and valid between
the parties to it.

*Appeal from District Court, Park County; Frank Henry,
Judge.*

Action by the First National Bank of Butte against Frank
Beley, sheriff of Park county, and others. From a judgment
for defendants, plaintiff appeals. Affirmed.

*Messrs. Kirk & Clinton,* for Appellant.

*Mr. A. P. Stark,* and *Mr. H. J. Miller,* for Respondents.

MR. COMMISSIONER BLAKE prepared the opinion for
the court.

This action was brought by plaintiff (appellant) against de-
fendant (respondent), as sheriff of Park county, and his bonds-
men, to recover the value of personal property levied on under
a writ of attachment. The findings of the court are not at-
tacked, and it appears therefrom that John Jervis and his wife
executed and delivered to the plaintiff a chattel mortgage to
secure the payment of a note dated September 20, 1900, and
payable six months after date, for the sum of $4,000 and inter-
est. Jervis and his wife, on September 15, 1900, made the
affidavit required by the statute that the mortgage was made in
good faith to secure the amount named therein, and without
design to hinder, delay, or defraud creditors, and acknowl-
edged the execution of the mortgage. The instrument was
filed in the office of the clerk and recorder of Park county Sep-
tember 19, 1900. The plaintiff at all the times mentioned in
the complaint was a corporation under the banking laws of the
United States, and no affidavit was made to this mortgage by
any officer of the plaintiff in its behalf.

On March 19, 1901, the cashier of the bank made affidavit for the renewal of the mortgage, and this was filed March 20, 1901, in the office of the county clerk and recorder of Park county. This affidavit, omitting the formal parts, is as follows: "That said bank is the mortgagee in that certain chattel mortgage dated September 20, 1900, wherein John Jervis and Caroline Jervis are mortgagors. Said chattel mortgage secures a promissory note of the sum of four thousand dollars ($4,000), dated at Livingston, Montana, September 20, 1900, due six months after date. That said mortgage was filed in the office of the county clerk and recorder of Park county, Montana, on the 19th day of September, 1900, 8:45 a. m. That there is justly owing at the time of filing this affidavit on said note secured by said mortgage the sum of four thousand dollars, and that said chattel mortgage is hereby extended to the 20th day of September, 1901, and that such debt or obligation was not made or renewed to hinder, delay or defraud the creditors or subsequent encumbrancers of the mortgagors."

It further appears from the findings that the note given to the plaintiff by Jervis and his wife has not been paid, and that the mortgagors remained in the possession of the mortgaged property under the terms of the mortgage, and that the plaintiff was never in possession of the same. Jervis was indebted May 16, 1901, to one Hoppe, in the sum of $1,928.32. Hoppe commenced action in the district court of Park county to recover the same. A writ of attachment was duly issued out of the court and placed in the hands of the defendant as sheriff, who levied upon and took into his possession the property described in the mortgage. A judgment of the court was given and made February 14, 1903, for Hoppe and against Jervis, for the amount claimed in the complaint. A writ of execution was issued out of the court on the judgment, and all the property attached was sold, and the proceeds of the sale were applied to the satisfaction of the judgment.

It further appears from the findings that the defendant, as such sheriff, did not pay or tender to the plaintiff the amount

of said mortgage debt or interest, and did not deposit the amount thereof with the treasurer of Park county, payable to the order of the plaintiff, before he attached· and took the property described in the mortgage into his possession under the writ of attachment. As a conclusion of law from the facts the court finds the mortgage was null and void· as to attaching creditors of John Jervis, and that the property described in the mortgage was subject to the levy under the writ of attachment issued in the case of *Hoppe* v. *Jervis.* From a judgment entered in favor of the defendant this appeal has been prosecuted.

It is admitted that the mortgage was void as to attaching creditors before the affidavit of its renewal was filed. The instrument was not accompanied by the affidavit of plaintiff of good faith, and the statute was not complied with. (Civil Code, sec. 3861; *Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 57 Pac. 452; *Westheimer* v. *Goodkind,* 24 Mont. 90, 60 Pac. 813, and cases cited.)

There is one question for decision: Was the mortgage, though void as to creditors at the time of its execution by reason of the failure of the mortgagee to make the affidavit required ·by law, rendered valid as against attaching creditors, and renewed by the affidavit filed with the clerk and recorder March 20, 1901?

The Code provides that "every mortgage of personal property, made, acknowledged and filed as provided by the laws of this state may be renewed at or before the maturity of the debt or obligation secured thereby," by filing in the office where the mortgage is filed an affidavit of the mortgagee showing certain facts, as provided in section 3866 of the Civil Code. Section 1542, fifth division, of the Compiled Statutes of 1887, is the same as section 3866, *supra,* and was construed in *Cope* v. *Minnesota T. F. Co.,* 21 Mont. 18, 52 Pac. 617. The court held that an affidavit for the renewal of a chattel mortgage conformed to the statute, and said: "When said affidavit was

filed in the office where the original mortgage therein described was filed, and when the clerk and recorder of deeds of the county in whose office the mortgage was filed attached the affidavit to the mortgage therein described, and noted the date of filing as provided by the statute, thereby the mortgage was renewed, was continued, and became a valid lien, of full force and effect upon the chattels described in the mortgage, for the time specified in the affidavit."

The respondents maintain that the affidavit of renewal before us is incomplete and defective. The statute requires the affidavit to show the time to which the same (debt or obligation) is extended. (Civil Code, sec. 3866.) The affidavit states "that said chattel mortgage is hereby extended to the 20th day of September, 1901." We do not express an opinion upon this point, but assume on this appeal that the plaintiff filed a sufficient affidavit for the renewal of a valid mortgage.

The appellant claims that the statutes governing chattel mortgages should be liberally construed; that the affidavit of renewal contains all the facts necessary to give notice to persons of the existence of the debt owing by the mortgagors to the mortgagee, the lien of the mortgage upon the property therein described, the good faith of the parties; and that in the absence of fraud the omission of the plaintiff to make the affidavit required by the statute has been cured.

Our attention has not been called to any authority in support of the main proposition of appellant that the affidavit of renewal made valid the lien of the plaintiff on the property described in the mortgage as against attaching creditors. Laws regulating chattel mortgages have been enacted in every state, but their provisions are not uniform, although the same objects are accomplished. In decisions involving their interpretation, one principle is adhered to, and that is that statutory requirements intended to protect the lien of the mortgagee on the mortgaged property against attaching creditors must be strictly followed.

The re-filing of a chattel mortgage in some jurisdictions has the same effect as its renewal under our Code, and the authori-

ties treating this subject may aid us in reaching a correct conclusion. Mr. Jones reviews this legislation, and says: "A refiling of a mortgage must be effected within the time limited for that purpose. It is nugatory if done either before or after that time. A re-filing after that time is not effective to revive and continue the validity of the mortgage for a year after such re-filing. * * * A re-filing after the expiration of the time limited is not equivalent to the filing of a new mortgage, or to the original filing of a mortgage. If the re-filing be not done in strict compliance with the statute, the mortgage becomes void as against creditors and *bona fide* purchasers and mortgagees, and cannot be revived." (Jones on Chattel Mortgages, 4th ed., sec. 287.)

In *Biteler* v. *Baldwin,* 42 Ohio St. 125, a chattel mortgage was executed February 17; 1879, and duly filed with an affidavit with the proper officer. The mortgage was re-filed September 16, 1879, and another affidavit thereon of the same tenor as the first. The property was sold February 28, 1880, to a party who executed a chattel mortgage in payment therefor; and the court, in deciding that the last instrument had priority, said: "The mortgage * * * filed on February 17, 1879, became a valid lien, as against * * * purchasers from [owner], for one year. By the plain words of the statute, that mortgage became void as to the purchaser after the expiration of one year from the date of its filing, unless within thirty days next preceding the expiration of the year it was re-verified and re-filed, as provided by the statute. There was no such re-verification and re-filing within said thirty days. The verification and re-filing on September 16, 1879, had no effect under the statute. Such re-filing was not intended by the parties, nor did it have the effect, in law, of destroying the lien which commenced on February 17th; neither did it create a new or additional lien, under the same instrument, on the same property, for the same claim."

In *Stewart* v. *Platt,* 101 U. S. 731, 25 L. Ed. 816, the court, in expounding a statute of New York, said: "With some hesi-

tation we have reached the conclusion that a chattel mortgage, executed by a firm upon firm property is void, under the New York statute, as against creditors, subsequent purchasers, and mortgagees in good faith, unless filed in the city or town where the individual members of the firm severally reside.   The statute upon its face furnishes persuasive evidence that its framers intended to make a sharp distinction between the place where the property might be at the time of the execution of the mortgage and the place of the mortgagor's residence." In *Herder* v. *Walther,* 9 N. Y. Supp. 926, the court refers to some cases, and says: "Now, *Swift* v. *Hart* [12 Barb. 530] proceeds upon the theory that a chattel mortgage, after the expiration of the year, becomes dormant as respects *bona fide* purchasers and creditors, but that such instrument may be revived by refiling it after the expiration of the year. This, we think, in direct conflict with *Marsden* v. *Cornell,* 62 N. Y. 215. A dormant instrument may be revived and made effectual by the acts of the parties, but an instrument which has ceased to be valid cannot be thus revived by any act of the parties to it."

When the doctrine thus laid down is applied to the provisions of our Code, it will be seen that the contention of the appellant cannot be sustained.   The statute is plain, and needs no interpretation.   It declares that certain mortgages of personal property can be renewed and continued, and how this may be done.   Section 3866, *supra,* limits this right to a mortgage "made, acknowledged, and filed as provided by the laws of this state."   The mortgage under investigation was not "made * * * as provided by the laws of this state," and did not affect attaching creditors.   The Code provides that when the affidavit of renewal is filed and certain things are done "such mortgage is renewed and continues and is valid and of full force and effect upon the personal property described therein for the time stated in such affidavit, not to exceed one year." (Civil Code, sec. 3866; *Cope* v. *Minnesota T. F. Co., supra.*) The instrument is not changed by the affidavit of renewal and acts of the county clerk and recorder, but is renewed and continued for a definite time.   This mortgage was renewed and

298 DALY BK. ETC. CO. *v.* GREAT FALLS ETC. CO. [Mar. T.'05

continued to be good and valid between the parties, but remained null and void as to attaching creditors.

We recommend that the judgment appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.

.     *Affirmed.*