ROSENBAUM BROS. & CO., RESPONDENT, *v.* RYAN BROS. CATTLE CO., DEFENDANT; THE FIRST NATIONAL BANK OF LEAVENWORTH, KANSAS, INTERVENER AND APPELLANT.

(No. 2,207.)

(Submitted January 5, 1906. Decided February 10, 1906.)

*Chattel Mortgages—Affidavits of Renewal—Liens—Foreclosure —Appeal—Statutory Construction.*

Appeal—Reversal—Erroneous Reasons for Correct Conclusion.
   1. If correct, the conclusion of a district court will not be disturbed on appeal even though its reasons in arriving at it were erroneous.
Chattel Mortgages—Renewal—Affidavits—Statutes.
   2. The statute relative to the renewal and extension of a chattel mortgage by means of an affidavit executed and filed by the mort-

gagee (Civil Code, section 3866) must be strictly followed in order to acquire any right under it.

Same—Sufficiency of Affidavit of Renewal.

3. *Quaere:* Is an affidavit of renewal of a chattel mortgage sufficient, which alleges (with respect to the provision of the Civil Code, section 3866, that it must state the amount of· the debt justly owing at the time of the filing of the affidavit or the conditions of the obligation unfulfilled), that the promissory notes and interest thereon are wholly unpaid, and which fails to state the time to which the mortgage is extended, but only the time to which the payment of the debt is extended?

Same—Mortgage Liens—Statutory Construction.

4. *Held,* under Civil Code, sections 3865, 3866 and 3867, that the time fixed in an affidavit of renewal of a chattel mortgage marks the utmost limit of the life of the mortgage lien as against attaching creditors of the mortgagor, and the sixty days of grace mentioned in section 3865 have reference only to such period of time from the maturity of the debt as fixed at the execution of the mortgage, and not to any such period after the maturity of the debt as fixed by some subsequent agreement of the parties to the mortgage.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by Rosenbaum Bros. & Co. against Ryan Bros. Cattle Company, in which the First National Bank of Leavenworth, Kansas, intervened. From a judgment for plaintiff, intervener appeals. Affirmed.

*Messrs. Blackford & Blackford,* for Appellant.

*Mr. W. M. Johnston,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 19, 1902, Ryan Bros. Cattle Company, a corporation, executed and delivered to the First National Bank of Leavenworth, Kansas, its four promissory notes aggregating in amount $115,000, due 120 days after date, with interest at eight per cent per annum, and, to secure the payment of the same, executed a certain chattel mortgage upon personal property in Montana. The mortgage or a copy of the same was filed in the respective offices of the county clerks of Fergus, Yellowstone, and Rosebud counties. On July 11, 1902, the

president of the First National Bank, mortgagee, executed, and filed in the office of each of said county clerks, what was evidently intended as an affidavit of renewal ·of the chattel mortgage. That affidavit, which is hereafter referred to as exhibit B, gives the date of the mortgage, the names of mortgagor and mortgagee, the date of the filing of the mortgage, the amount of the debt secured thereby, and contains the necessary declaration of good faith. It also states that the whole amount of principal and interest is unpaid, and that the payment of said indebtedness is extended four months from July 19, 1902.

On January 15, 1903, the mortgagee commenced an action in the district court of Fergus county to foreclose the chattel mortgage, and immediately thereafter filed in the office of the respective county clerks of Fergus, Yellowstone, and Rosebud counties a notice of *lis pendens.* On January 23, 1903, a like action was commenced and a like notice filed in Yellowstone county; and on January 29th like proceedings were had in Rosebud county. On April 24, 1903, Rosenbaum Bros. & Co., a corporation, having commenced an action in the district court of Yellowstone county against Ryan Bros. Cattle Company, the mortgagor above named, caused writs of attachment to be issued in said action and to be levied upon the property described in the mortgage, the levy being made in each of the counties above mentioned, pursuant to the provisions of section 940 of the Code of Civil Procedure. On July 23, 1903, by permission of the district court of Yellowstone county, and by stipulation filed in the case of *Rosenbaum Bros. & Co.* v. *Ryan Bros. Cattle Company,* the First National Bank of Leavenworth filed a complaint in intervention, the purpose of which was to have it decreed that the lien of the bank by virtue of its chattel mortgage was prior and superior to the attachment lien of plaintiff, Rosenbaum Bros. & Co.

The complaint in intervention recites the history of the execution of the notes, chattel mortgage, and the so-called affidavit of renewal, and the commencement of the actions and the proceedings had therein, as above detailed. Respecting the so-

called affidavit of renewal and the extension of the time of the maturity of the debt, the complaint in intervention alleges that: ''A. Caldwell, then the president of the said First National Bank of Leavenworth, Kan., this intervener, and for and on behalf of this intervener as mortgagee in the aforesaid chattel mortgage mentioned, for the purpose of carrying out an agreement between the said defendant, the Ryan Bros. Cattle Company, and the said intervener, made an affidavit in writing, pursuant to section 3866 of the Civil Code of the state of Montana, wherein and whereby the said intervener extended the time for the payment of the aforesaid promissory notes, and each of them, four months from the date of the maturity thereof, to-wit, four months from the 19th day of July, 1902, and also renewed the said chattel mortgage securing said promissory notes for said time, * * * a copy of which said affidavit as aforesaid is hereunto annexed marked exhibit B and made a part of this complaint.'' To this complaint in intervention the plaintiff, Rosenbaum Bros. & Co., filed a general demurrer, which was overruled, and then an answer putting in issue practically all the material allegations of the complaint in intervention, and setting forth some affirmative matters which were denied in a reply.

In support of its complaint in intervention the intervener offered its evidence, a portion of which was excluded by the trial court, the court thereby practically reversing its former ruling on the general demurrer, and in effect holding that the complaint in intervention does not state facts sufficient to constitute a cause of action; then found the issues for the plaintiff Rosenbaum Bros. & Co., and entered a decree that the intervener take nothing by the action. From this decree and an order overruling its motion for a new trial, the intervener appealed.

It is not contended that the intervener has a lien prior and superior to plaintiff's, unless its action to foreclose was commenced during the period of time in which its mortgage was a valid lien upon the property as against attaching creditors.

The debt secured by the chattel mortgage matured on July 17, 1902, and the chattel mortgage continued in full force and effect for sixty days thereafter, or until September 16th. The intervener's action to foreclose was not commenced until January 15, 1903; but appellant contends that by agreement between the mortgagor and mortgagee the date of maturity of the debt secured was extended for four months, as provided in section 3867 of the Civil Code, that the mortgage was renewed or extended for a like period from July 17th by virtue of the affidavit (Exhibit B above), and that the action to foreclose was in fact commenced within sixty days after the expiration of the period to which the debt and mortgage were thus extended. The district court held that the so-called affidavit of renewal (Exhibit B above) was ineffectual for the purpose of extending or renewing the chattel mortgage so as to constitute it a lien superior to the attachment lien of the plaintiff, and gave its reasons for so concluding. This holding of the court is attacked here; but we are only called upon to determine whether the court's conclusion was correct; for, if so, it will not be disturbed even though the court may have given erroneous reasons therefor. This rule was adopted many years ago by this court and has been uniformly adhered to since.

We may, then, consider only the one question: Did the affidavit (Exhibit B above) work an extension of the chattel mortgage so as to continue the lien thereof as against the attaching creditor? It will be conceded that, as against attaching creditors, the lien of the chattel mortgage expired on September 15, 1902, unless extended by this affidavit or agreement. Section 3866 of the Civil Code provides for the renewal or extension of a chattel mortgage by means of an affidavit, executed and filed by the mortgagee; but, as the right thereby acquired is purely a statutory one, the statute must be strictly followed. That statute enumerates seven provisions to be embodied in the affidavit, every one of which is indispensable to the efficiency of the affidavit for the purpose of extending the mortgage. An examination of Exhibit B above will show that it meets the requirement

of this statute in respect to provisions 1, 2, 3, 4, and 7. With respect to provision No. 5 it alleges that the promissory notes as well as the interest thereon are wholly unpaid. Whether this is a sufficient compliance it is not necessary now to determine. With respect to provision No. 6, the affidavit does not state the time to which the mortgage is extended but only the date to which the time for payment of the debt is extended. We entertain a doubt as to whether the affidavit is sufficient for the purpose intended. However, it is drawn in conformity with the opinion of this court in *Cope* v. *Minnesota T. F. Co.*, 21 Mont. 18, 52 Pac. 617; and, as section 3866 has been materially amended since the decision in that case was rendered and since the affidavit in this instance was drawn, it is not necessary to consider this question further. Doubtless it will not arise again.

The more serious question is presented with respect to the effect of the agreement between the mortgagor and mortgagee to extend the time for the payment of the debt secured by the mortgage, as set forth in that portion of the complaint quoted above.

Section 3865 of the Civil Code provides that every chattel mortgage made, acknowledged and filed as provided by law, is thereupon, if made in good faith, good and valid as against creditors of the mortgagor from the time it is so filed until maturity of the debt, and for sixty days thereafter; provided, the entire period does not exceed one year and sixty days, except by a compliance with the provisions of section 3866.

Section 3866 provides for the renewal of a chattel mortgage by an affidavit, made and filed by the mortgagee, and when such proper affidavit is so filed and proper entry is made by the county clerk, such mortgage is renewed and continues and is valid and of full force and effect upon the personal property described in the mortgage, *for the time stated in such affidavit,* not to exceed one year.

Section 3867 provides that the extension of the chattel mortgage effected by the affidavit mentioned in the preceding section, shall not work any extension of time for the maturity of the

debt, but the same may be enforced according to the conditions of the mortgage and an action to foreclose the same maintained, at any time within the period covered by such renewal, unless there is an agreement between the mortgagor and mortgagee to extend the time of payment of the debt to the time stated in the affidavit.

When section 3865 provides that a chattel mortgage is valid against creditors of the mortgagor until maturity of the debt and for sixty days thereafter, does it mean for sixty days after the maturity of the debt as fixed in the mortgage, or for sixty days after the maturity of the debt as fixed by some subsequent agreement of the parties? Appellant earnestly contends that it had sixty days after November 17, 1902, within which to commence its action to foreclose, and this contention is based upon the proposition that, as the maturity of the debt was extended by agreement of the mortgagor and mortgagee to November 17th, the mortgage was thereupon constituted a valid lien upon the property described, for sixty days after such date. But, when sections 3865, 3866, and 3867 are considered together, we are clearly of the opinion that the sixty days of grace mentioned in section 3865 has reference only to the period of sixty days from the maturity of the debt as fixed at the time of the execution of the mortgage. Section 3867 does not assume to create a new right. It only assumes to limit or explain the effect of the renewal of the mortgage as provided in section 3866.

If, as alleged in the complaint in intervention, an agreement was entered into by the mortgagor and mortgagee in this instance, for the extension of the time for payment of the debt to November 17, 1902, the only effect of such an agreement was to prevent the mortgagee from maintaining an action to foreclose such mortgage prior to that date. Such agreement could not in any manner affect the lien of the mortgage. The provisions of section 3866 are exclusive. The mortgage could only be extended by filing the affidavit provided by that section. The time to which it is to be extended must be stated. That time is fixed by the affidavit and marks the utmost limit for the operation of

the mortgage as against the claims of attaching creditors.    Assuming, for the purpose of this case, that the affidavit is sufficient to effect the extension of the mortgage to  November 17, 1902, that date marks the limit of the life of  the mortgage as against attaching creditors, and after that date such mortgage ceased to operate as against the claim of the plaintiff, Rosenbaum Bros. & Co.

No error appearing, the judgment and order denying appellant a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.