King, J.,
on petition for rehearing:
Moved thereto by the earnest request of the learned counsel for the defendant in error Bay, and by his able argument in support of the petition for rehearing, we have endeavored to give the record “critical and unbiased reconsideration,” the result of which is hereinafter expressed. We used the phrase “after the maturity of the mortgage as extended” advisedly, and not through inadvertence, believing that, by applying the rule of construction that all parts of a statute should be given force. and effect rather than that any part thereof should per *333 ish (even upon a strict construction as insisted upon by counsel), the statute in question clearly contemplates something more than a mere extension of the time during which the mortgagee must, after maturity of the debt, take possession in order to preserve his priority of lien and right. The statute provides for an extension of the mortgage and its lien by the act of the mortgagee, and upon compliance with its terms the maturity of the mortgage, which was theretofore identical with the maturity of the debt, is moved forward to the last moment of the extended period, during which time the mortgagor is entitled to possession of the chattels and exemption from their seizure to the, same extent as under the original terms of the mortgage, notwithstanding default in payment of the debt at maturity. By virtue of such extension, and the terms of .the statute, such default is lawfully waived for the full extended period, and the mortgage continued, unabated in force and unimpaired as to the remedies afforded the mortgagee, including a reasonable time after such maturity in which to take possession. In other words, by the act of the mortgagee, default as to the mortgage was prevented. Availing himself of the provisions of the statute, he extended the mortgage precisely as he might, with the consent of thé maker, have extended the note which it was given to secure.
Neither in the case of Rosenbaum Bros. & Co. v. Ryan Bros. & Co., 33 Mont., 424, 84 Pac., 1120, nor, do we think, in any of the many cases' cited by counsel, is there any holding upon similar facts contrary to the views herein expressed. The question of an attempt, in those cases, to foreclose the mortgage by taking possession within a reasonable time, after expiration of the period of extensión, yus not in issue: After extension the mortgagee is not, as we have said, compelled and should not attempt tó take possession within the period of extension, unless for some cause other than maturity of the debt ór expira *334 tion of the time for which the mortgage was originally given. He therefore has an appreciable time in which to take possession. In this respect there is no difference between the expiration of the lien of the mortgage-in the first instance by maturity of the debt, and the expiration of the lien and mortgage, as extended, by virtue of the lapse of time specified. The appreciable time given in which to foreclose is, in either case, a reasonable time. And the argument advanced, and every authority cited in support thereof by counsel for defendant in error, would be just as persuasive, but not more so, were we considering now for the first time whether, without a statute giving time for taking possession after the expiration of the mortgage, any time should be allowed a mortgagee. It is conceded that our supreme court, before the enactment of the thirty-day statute, uniformly held that a reasonable time should be allowed the mortgagee after expiration of the mortgage in which to take possession. Precisely the same reasons exist for allowing a mortgagee a reasonable time within which to take possession after expiration of the period to which the mortgage has been extended.
Counsel objects because no demand for possession was shown to have been made upon the defendant, Day, prior to suit. But Day was the agister for Tuckerman as receiver, and, if any demand was in fact required, demand upon and notice to Tuckerman was sufficient, there being no privity between the mortgagee and Day. However, we think a demand was not a necessary condition precedent to plaintiff’s right to replevy the stock, except so far as it may have been necessary in order to obtain permission of the court to sue its receiver. ■ Under the circumstances we think that, as to this plaintiff, both Tuckerman and Day were -trespassers- ab initio., With actual knowledge as well as constructive notice of plaintiff’s rights as mortgagee they took possession of the stock before maturity of the mortgage and at all times *335 thereafter held it, in hostility to the rights of the mortgagee, under a claim of prior lien created by order of the court. Such taking was, as to the mortgagee, a conversion, and, therefore, they could thereafter neither have a lien on the stock for feeding nor insist upon demand for possession as a condition precedent to the right of the mortgagee to maintain his suit. They were not, as to him, subsequent lienees^ in good faith under our statutes.— Howard v. Bank, 44 Kan., 549, 24 Pac., 983; Howard v. Burns, 44 Kan., 543, 24 Pac., 981; Gregory v. Thomas, 20 Wend., 17; Newman v. Tymeson, 12 Wis., 448; Beh v. Moore, 124 Ia., 564, 100 N. W., 502; Harding & Co. v. Kelso, 91 Mo. App., 607, 609; Lowe v. Wing, 56 Wis., 31, 13 N. W., 892; Corbin v. Kincaid, 33 Kan., 649, 7 Pac., 145. These cases hold that a junior mortgagee, and, as well, a person claiming under a junior lien for agistment, who takes possession of mortgaged goods prior to the maturity of the senior mortgage, and with full knowledge thereof and in hostility thereto, cannot be heard to insist that the senior mortgagee must take, or attempt to take, possession of the goods in order to protect such senior mortgagee’s .prior lien; and, further, that a demand is not necessary to entitle such mortgagee to maintain his action in replevin or for conversion. The same rule is recognized and applied in Bradford v. Roberts, 46 Colo., 330, 104 Pac., 391, as to an attachment creditor. Moreover, demand need not be shown where the defendant subsequently contests the action on its merits, or where it otherwise appears that a demand, if made, would have been unavailing.
The decision of our supreme court in Rohrer v. Ross, 53 Colo., 328, 125 Pac., 489, has not been unduly extended to the facts in this case, as it has only been given force as decisive of the seniority of a chattel mortgage lien over that of an agister acquired during the life of the mortgage.
*336 Decided April 14, A. D. 1913.
Rehearing denied June 10, A. D. 1913.
We may concede the claim of counsel that the estate of the deceased mortgagee received substantial benefit from the excellent care given the stock by the defendant, Day; and, notwithstanding the fact that his care was purely voluntary, so far. as the administrator was concerned, there may be reason for considering the question of his claim for compensation. But that is a matter which should be presented to the court having jurisdiction of the administration, and cannot be determined in this proceeding. It does not necessarily follow that, because Day may not recover at all from the mortgagee (if the probate court should so decide), he is without a remedy against Tuckerman, the receiver, or the mortgagor. The petition for a rehearing is dénied.