ORANGE SPECIAL TERM, September, 1847.    *Strong*, Justice.

HUDSON, executor, &c. *vs.* REEVE.

An assignee of a specialty cannot maintain an action upon it, at law, in his own name, without an express promise of payment to him, by the original debtor.

The delivery of a bond to a legatee by the executor, in pursuance of a specific bequest thereof contained in the will, vests the property in such bond in the legatee, subject only to contribution in case of a deficiency in the assets, for the payment of the debts of the testator.

Where a legatee in a will is appointed executrix thereof, she may, in her character of executrix, assent to the legacy to herself, and such assent will vest the title to the legacy in her.

If a creditor is unable to recover, in an action at law, a debt due to him, in consequence of some technical rule of law, he may resort to a court of equity. Accordingly, where the executor of a person to whom a bond is given by the will of the obligee, cannot sue thereon, at law, because the obligor is himself the administrator of the obligee, he may file a bill in equity against the obligor, to compel the payment of such bond by him.

IN EQUITY. The bill set forth that the defendant being the son of the testatrix, on the first of November, 1824, executed a bond to one Joanna S. Reeve, daughter of the complainant's testatrix, Nancy Reeve, conditioned for the payment of $1000 in one year from that date. That he paid to her the interest on such bond up to the 1st of November, 1828. That on the 9th of June, 1829, Joanna S. Reeve made her will, and thereby bequeathed the bond specifically to Nancy Reeve, whom she constituted sole executrix of such will, and that Joanna died previous to the 1st of December, 1829. That at the time of her death the principal sum of $1000, with interest from the 1st of November, 1828, was due on the bond. That Nancy Reeve proved the will and took upon herself the administration thereof. That she paid all the debts, and fully administered the estate of the deceased, except collecting the amount due on the bond. That she thereupon became entitled to such bond as her sole property, and held it accordingly. That the defendant paid the interest thereon up to the 1st of November, 1840, and that the principal and the interest from that date were still due. That Nancy Reeve, on the 15th of January, 1832, made her

will, of which she constituted the complainant sole executor.
That she died in the month of November, 1844, and that on
the 10th day of January following the plaintiff proved the will,
and took upon himself its execution. That he found the bond
among, and a part of, the assets of her estate. That the defen-
dant refused to pay the bond. That the plaintiff, in order to
enable him to recover the amount due on the bond at law, on
the 13th of January, 1847, presented a petition to the surrogate
of Orange county, praying that he might be appointed admin-
istrator of the estate of the said Joanna S. Reeve, deceased,
with her will annexed. That notice of such application was
served upon the defendant as next of kin, who thereupon, on
the 23d of the same month, also presented a petition to the
surrogate to be himself appointed such administrator. That
the defendant being entitled to such letters of administration,
the surrogate granted them to him, on the 26th of January,
1847. The plaintiff averred that the defendant, at the time,
knew that the debts of Joanna S. Reeve had all been paid, and
that all her estate, except the bond, had been fully administer-
ed ; and that he took out such letters only with a view to pre-
vent the plaintiff from recovering the amount due on the bond, at
law. That the plaintiff could not in fact maintain a suit at law
against the defendant on such bond, and therefore prayed that the
defendant might be decreed to pay him the amount due thereon.

The defendant, by his answer, admitted the material facts set
forth in the bill, but he alleged his ignorance as to whether
Nancy Reeve collected all the debts due to Joanna S. Reeve,
or paid all the debts owing by her ; and he stated that he had
been informed and believed that her estate was not fully ad-
ministered. He denied that the bond was the property of Nancy
Reeve, but he admitted that he paid her interest. He alleged,
however, that it was in her character of executrix. He denied
the plaintiff's right to collect the moneys due on the bond as
executrix of Nancy Reeve, and said that he refused to pay it to
her, as he thought it unsafe for him to do so. He admitted that
he took out letters of administration upon the estate of Joanna
S. Reeve, but denied that it was for the purpose of obstructing

the plaintiff in the recovery of the money due on the bond at law. And he insisted that the plaintiff had a full remedy at law, and therefore denied his right to a decree for the amount due, in a court of equity.

*J. W. Brown,* for the plaintiff.

*J. B. Booth,* for the defendant.

STRONG, J.   It is settled that an assignee of a specialty cannot maintain an action upon it at law in his own name, without an express promise of payment to him by the original debtor. (*Dubois* v. *Doubleday,* 9 *Wend.* 217.)   In this case, no such express promise was proved, or alleged.   On the contrary, the defendant avers in his answer, that the payments made by him to Nancy Reeve were made to her in her character as executrix of the obligee; and he denies that the bond was her individual property.

That the bond had become the individual property of Nancy Reeve, there can be no doubt. (*Kirby* v. *Potter,* 4 *Ves.* 748.) If she had not been the executrix of the obligee, the delivery of the bond to her, by an executor, in pursuance of the specific bequest contained in the will, would have vested the property in her, subject only to contribution in case there should be a deficiency in the assets for the payment of the debts of the deceased.   As executrix she could undoubtedly assent to the legacy; and that would equally vest the title to the bond in her. The endorsements upon the bond given in evidence would seem to indicate that she was aware of the distinction between holding the bond in her own right and as executrix.   She subscribes the first receipt for interest, after the death of Joanna S. Reeve, as executrix: the subsequent receipts are subscribed by writing her name, without any addition.   At the time prescribed by the statutes for the payment of legacies, in cases where no specific directions are given in the will, if not before, the legatee had a right to the possession and enjoyment of the property given her; and there is nothing to show that she did not intend to

exercise the right. The death of Nancy Reeve happened after the revised statutes took effect, and therefore her executor could not interfere in the administration of the estate of Joanna S. Reeve; nor could he conduct a suit at law as her representative. If it became necessary for him to institute such a suit for the recovery of money to which, as executor of Nancy Reeve, he was equitably entitled, on a specialty given to her, he could do so only by taking out letters of administration with the will annexed. He attempted to do so, and evidently with the sole view to enable him to recover the money due on the bond. The defendant interposed, and took out such letters himself. He avers in his answer, (which, however, is not verified by his oath,) that he did not intend to obstruct the plaintiff in the recovery of the amount due on the bond at law. That was not his object. But he does not state what other object he had in view; and it is difficult to conceive of any other. Joanna S. Reeve had been dead seventeen years. The plaintiff avers that the debts had all been paid, and the defendant admits that he does not know of any debt existing at the time of putting in his answer. The defendant, it is true, avers that her estate had not been fully administered : but he does not state in what particular; and it is evident that in this, he refers to the bond in question, alone. Had he in fact supposed that the estate of Joanna S. Reeve had not been substantially settled, and had he been anxious that it should be, he would not have deferred taking out letters of administration from the time of the death of her executrix, in November, 1844, until January, 1847.

It was not denied, on the argument, but that if the real creditor is unable to recover a debt at law, in consequence of some technical rule, a resort may be had to a court of equity. That principle is too well settled to be disputed. (*Story's Eq. Pl.* 374, § 473.) In this case the plaintiff cannot maintain a suit at law in his own name, as has already been shown. Nor can he use the name of the present legal representative of the obligee; as such representative is himself the debtor. He cannot therefore maintain a suit at law.

It was suggested on the argument that the plaintiff might

have an effectual remedy in the surrogate's court. That the defendant might be summoned before that tribunal to account and pay over what might be found to be due. But to account for what? For the assets of the testatrix left *unadministered at the time of his appointment.* Now such assets, so far as they related to the bond in question, had been administered long before. The executrix of the obligee was not, *ex officio,* bound to collect the amount of a bond specifically bequeathed. The duty to do so, if it had ever existed, ceased the moment that the bond was delivered to, and accepted by, her as legatee. All that could be required of the legal representative appointed after that, would have been a permission from him to use his name as plaintiff in a suit at law. But he would have no more to do with the suit, nor with the money when recovered, than the ordinary assignor of any specialty. The surrogate could not, therefore, have called the defendant to an account for the bond in question; nor would his sureties have been responsible for the payment of the amount due on it.

But if it had been otherwise, if the defendant could be called upon by the surrogate to account for the moneys due on the bond, would that afford to the plaintiff a direct, certain, and adequate remedy, such as is requisite to oust this court of jurisdiction? The defendant is the debtor from whom all the funds would have to be collected before the debt could be paid. Before paying the debt, he would deduct all the expenses of administration, including his own per centage, and he would also be entitled to a delay of eighteen months before he could be called upon to account at all. Some of these difficulties, it is true, might exist in the settlement of any estate, and would not ordinarily justify a resort to a court of equity. It is necessary that the estates of deceased persons should be settled by executors or administrators, and the law justifies a delay which it compels. But so far as it relates to the action of the defendant in this case, there was no necessity for the interposition. The estate of Joanna S. Reeve had been fully settled. The difficulties have been thrown in the way of the plaintiff's recovery at law, without the slightest exigency. To allow the de-

fendant thus to postpone the payment of his own debt, to embarrass the plaintiff in its recovery, and to retain for his own use a part of it which properly belongs to others, in the shape of commissions to himself, would be inequitable ; and I am satisfied that this court can, and ought- to, afford the requisite remedy.(*a*)

The defendant must pay the amount due with costs ; and a decree must be entered accordingly.

(*a.*) It is provided by statute, (*Laws of* 1835, *ch.* 197, 2 *R. S.* 3*d ed.* 445, § 5,) that the assignee for a valuable consideration of any bond, note, or other chose in action, may sue thereon, and recover in his own name, in case the assignor is dead, and no executor or administrator has been appointed upon his estate, or if such executor or administrator has no interest in the thing assigned, or refuses to prosecute for the same. The above case does not come within this section ; for an administrator *had* been appointed upon the estate of the assignee, and such administrator *had* an interest in the thing assigned ; and he did not refuse to prosecute for the same, but he *could not* prosecute ; for he could not sue himself. Had there been no administrator appointed upon the estate of the obligee in the bond, the plaintiff could have sued upon the bond at law, under this section of the statute, in his own name, as assignee by operation of law.

SAME TERM.     *Before the same Justice.*