Ullman vs. Duncan.

ULLMAN, Appellant, vs. DUNCAN, Respondent.

*November 10 — November 25, 1890.*

*Chattel mortgages: Effect of failure to renew: Estates of decedents: Lien of creditors.*

1. The only effect of a failure to file the affidavit of renewal required by sec. 2315, R. S., is to render a chattel mortgage invalid as against subsequent purchasers or mortgagees in good faith, or creditors who thereafter acquire liens upon the property.
2. Partners gave a chattel mortgage, which was duly filed. Afterwards one of them sold his interest in the property to the other, taking a second mortgage to secure the purchase money. The second mortgagee died within two years after the filing of the first mortgage. After the expiration of such two years, the first mortgagee having failed to file an affidavit of renewal, the administrator of the second mortgagee took possession of the property. Creditors of the

second mortgagee had filed their claims against his estate, some
before the expiration of the said two years, and others thereafter.
. *Held*, that the first mortgagee was entitled to recover the property,
subject only to the right of the administrator or of the surviving
partner to redeem. The creditors of the second mortgagee acquired
no lien on the property.

. APPEAL from the Circuit Court for *Ashland* County.

This is an action brought to recover three horses, of the
value of $300, alleged to be unlawfully detained by defend-
ant from the plaintiff. The facts were stipulated substan-
tially as follows:

On May 18, 1887, the firm of Gorton & Dodge, then being
the owners of the horses in controversy, executed a chattel
mortgage on them to the plaintiff. The mortgage was duly
filed in the proper office on the 23d of the same month.
Subsequently, Dodge sold his interest in the horses to his
partner, Gorton, and received from Gorton a chattel mort-
gage on them to secure the purchase money. Dodge died
in 1888, and the defendant was duly appointed administra-
tor of his estate, and qualified as such. The plaintiff neg-
lected to renew the mortgage by filing in the proper office
the affidavit to renew the same, required by sec. 2315, R. S.
On May 25, 1889, the defendant took possession of the
horses, claiming the right to do so as administrator of the
estate of Dodge. He was still acting as administrator when
this action was commenced. At that time a considerable
number of creditors, holding claims against the estate of
Dodge, had filed their claims with the administrator, some
of which were filed within two years after the filing of
plaintiff's mortgage, and others thereafter. Due demand
of the property was made by the plaintiff of the defendant
before the action was commenced, and delivery thereof re-
fused.

On the above facts, the court directed the jury to render
a verdict for the defendant, which they accordingly did. A

motion for a new trial was denied, and judgment for the defendant entered pursuant to the verdict. The plaintiff appeals from the judgment.

For the appellant there was a brief by *J. J. Miles*, and oral argument by *I. C. Sloan*. They argued, among other things, that if the creditors of Dodge, or the defendant, had a lien on the property, their rights became vested on the death of Dodge. Jones, Chat. Mortg. (2d ed.), sec. 240. At the time of his death the plaintiff's mortgage was a valid security, and if the defendant's and creditors' rights vested then, the plaintiff's failure to file the affidavit could not defeat his title. R. S. sec. 2315; *Newman v. Tymeson*, 12 Wis. 448; *Case v. Jewett*, 13 id. 498; *Lowe v. Wing*, 56 id. 31. If the plaintiff's title was valid as against Dodge it was good against the administrator. Jones, Chat. Mortg. (2d ed.), secs. 239–241, 245.

For the respondent there was a brief by *Lamoreux & Gleason*, and oral argument by *C. A. Lamoreux*. They contended, *inter alia*, that the creditors of Dodge were not affected by the plaintiff's mortgage after the expiration of the two years from the filing thereof, and from that date the same was absolutely void as against them, although as against Dodge it would have been valid. R. S. sec. 2315; *Kilbourne v. Fay*, 29 Ohio St. 264.

Lyon, J. The mortgage executed by Gorton to Dodge covered only the equity of redemption in the horses. The legal title thereto was in plaintiff by virtue of his mortgage, and continued in him, as against his mortgagor, Gorton, and the defendant as administrator of the estate of Dodge, although no affidavit for a renewal of the plaintiff's mortgage was filed. Defendant took possession of the horses as administrator of Dodge, after the time for renewing the mortgage had expired. We cannot understand how the defendant obtained any better right to the property

than Dodge would have obtained had he lived and taken possession thereof at the same time. In either case, such possession would have been taken under Gorton's mortgage to Dodge, and would have been subject to plaintiff's legal title, whether he renewed his mortgage or not. If defendant gets a better title to the horses than Dodge would have obtained under the circumstances supposed, it is because there are existing creditors of the estate of Dodge, whom, it is said, the defendant represents. No creditor of Dodge's estate has any specific lien upon the horses in the hands of defendant, and no such creditor is here asserting any claim to them. The only claimant here is defendant, and his claim must necessarily rest exclusively upon Gorton's mortgage to his intestate, which we have seen is subordinate to plaintiff's legal title under his mortgage.

This court had occasion in *Manson v. Phœnix Ins. Co.* 64 Wis. 26, to construe sec. 2314, R. S., which provides for filing chattel mortgages, and to determine the consequences of a failure to file them. It was there held that "the only effect of the failure to duly file the mortgages was to render them invalid as against purchasers or mortgagees in good faith, or creditors who had obtained liens upon the insured property by attachment or levy upon execution." That was a contest between a chattel mortgagee of insured property and creditors of the party insured, the loss, if any, being payable to such mortgagee as his interest might appear. As a matter of course, the same rule applies to a failure to renew a mortgage under sec. 2315.[1] We think

---

[1] Sec. 2315, R. S., provides that every chattel mortgage "shall cease to be valid, as against the creditors of the person making the same, or subsequent purchasers or mortgagees in good faith, after the expiration of two years from the filing of the same, or a copy thereof, unless, within thirty days next preceding the expiration of the two years, the mortgagee, his agent, or attorney shall make and annex to the instrument or copy on file an affidavit setting forth the interest which the mortgagee has," etc.— Rep.

this case comes fairly within the rule of *Manson v. Phœnix Ins. Co.*

The accuracy of the proposition that the creditors of Dodge's estate have no lien upon the horses becomes more clear when it is considered that Gorton has the undoubted right to redeem them by paying defendant whatever may be due on his mortgage to Dodge. Also the creditors of Gorton may, by appropriate proceedings, assert the same right. This right is entirely inconsistent with the idea that the creditors of Dodge's estate have any lien upon the horses.

Moreover, the creditors of Dodge's estate can have no lien upon the property unless it vested at Dodge's death. But he died within two years after the filing of plaintiff's mortgage, at which time it was valid as against them. The creditors are, therefore, in the position of a creditor who seizes mortgaged property on attachment or execution before the time to renew the mortgage has expired, and the time afterwards expires without renewal. This court has held several times that the mortgage ceases to be valid only as against creditors of the mortgagor who acquire a lien upon the property after the time expires to renew the mortgage. The cases which so hold are collated and reaffirmed in the opinion by Mr. Justice ORTON in *Lowe v. Wing*, 56 Wis. 31.

Our conclusion is that the plaintiff is entitled to recover the horses, notwithstanding he failed to renew the mortgage under which he claims them, subject only to the right, either of Gorton or of defendant as administrator of Dodge's estate, to redeem them from plaintiff's mortgage by paying the debt it was given to secure.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.