(18 App. Div. 301.)

## In re VAN HOUTEN'S ESTATE.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

1. ACCOUNTING BY EXECUTOR—FINALITY OF DECREE.
   A decree, made upon the settlement of an executor's account, after settling the principles upon which he was to be debited in the account, and making a summary statement of the account, charging the executor with various sums, provided, further, that, as he might be entitled to certain credits not set forth, he might account at the foot of the decree as to the expenses and payments for which he might be entitled to credit, but if he did not proceed so to account within 20 days his account should be finally settled as stated in the decree. Held, that such decree was so far final as to be appealable by the executor.

2. LEGACY TO EXECUTOR—ASSENT—IMPLICATION.
   The assent of an executor to a specific legacy bequeathed to himself may, when the occasion permits, be implied, so as to take such legacy out of the estate and vest it in the executor as an individual, but such consent cannot be implied unless and until it has been ascertained that the legacy will not be required for the payment of debts.

3. SAME—PROFITS FROM LEGACY—ACCOUNTING.
   H. by his will bequeathed specifically to his brother the personal property used in a livery stable business conducted by H., together with the good will of such business, and also appointed his brother executor. The executor took possession of the livery stable business and conducted it, not as executor, but as his own. Upon an accounting it appeared that the personal property left by the testator was insufficient to pay his debts. Held that, though under the circumstances the specific legacy could not be deemed to have been separated from the assets of the estate, yet in view of the bequest of the livery stable property to the executor he would not be deemed to have

conducted the business in behalf of the estate, and would be charged only with the value of the property as appraised and of the good will of the business, though the latter had not been inventoried, but would not be charged with the profits of the business conducted by him.

Appeal from surrogate's court, Rockland county.

Judicial accounting of Erastus Van Houten, executor of the will of Edward G. Van Houten, deceased. From the decree rendered (42 N. Y. Supp. 1115), the executor appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Garrett Z. Snider, for appellant.
John M. Perry, for certain respondent creditors.

BRADLEY, J. This proceeding was instituted by the petition of the appellant for his accounting as executor, etc., of Edward G. Van Houten, deceased, who died in April, 1894. He had for some years been engaged in the livery business at Nyack, N. Y., which business was conducted for him by his brother, Erastus. By his will the testator devised certain premises to his wife, Anna L., and his daughter, Della, Van Houten, and gave to his brother, Erastus, "all horses, carriages, robes, harness, and all personal property used in and in connection with the said livery stable, and the business therein conducted, and the good will of the said business," and directed that the remainder of his estate be used, first, in payment of his debts, and that if it should be exhausted the legacy given to his brother, Erastus, "next be liable for such debts remaining unpaid." He nominated his brother, Erastus, his wife, Anna L., and his daughter, Della, Van Houten to be executors of his will, and gave them power to sell his real estate. Letters testamentary were issued to them in April, 1894. The personal estate of the testator was appraised at $6,621.03, of which the sum of $3,202.94 constituted the appraised value of the horses, carriages, and stock in the livery stable. After the death of the testator the appellant took possession of the livery property and carried on the business with it. The gross receipts of the business from April 19, 1894, to April 1, 1896, amounted to $23,039. By the decree in question the appellant was charged:

| | | |
|---|---|---|
| With the amount of the inventory | | $ 6,621 03 |
| With sum increase and rents collected | | 223 00 |
| And with gross receipts of the livery stable business conducted since the death of the testator | | 23,039 00 |
| | | $29,883 03 |

And credited:

| | | |
|---|---|---|
| With amount of Purdy mortgage | $ 236 53 | |
| With funeral expenses | 180 75 | |
| With taxes, interest, insurance, and repairs | 2,465 63 | 2,882 91 |
| Balance | | $27,000 12 |

The decree is so far interlocutory as to declare to the effect that, it "appearing that the said executor may possibly have incurred expenses in the administration of the estate for which he may be

·entitled to a credit, which expenses are not set forth at large or .claimed in his account, and that a portion of certain debts of the estate have been paid by him, a credit for which at the sum claimed by him in his account has been hereby disallowed," it is ordered and ·decreed that he "have leave to account at the foot of this decree for .all such expenses incurred by him, and that he receive a credit upon this accounting for so much thereof as may be legally allowable, and for so much of the credits hereby disallowed as shall appear to be the amount of the dividend which the said creditors would have re-·ceived had they been paid proportionately with the other creditors herein," and that, unless he shall within 20 days proceed "to insti-tute such proceedings upon the foot of this decree as are herein pro-vided for, his said accounts shall be finally judicially settled and .allowed as stated in the summary statement included herein."        It is with some force urged on the part of the respondents that this ·determination of the surrogate is neither a decree nor an order within the statutory meaning of those terms (Code Civ. Proc. §§ 2550, 2556), .and therefore is not appealable (Id. § 2570). It is true that in re-·spect to the summary statement of the account of the executor it is provisional, and that when made final it may be that all the ques-tions now raised, as well as those which may be added, can be con-.sidered on appeal taken from it.        But the principles upon which the executor is debited in the account are determined, and the only thing left and optional for him to do is to take proceedings to modify the balance, if he can, in the manner provided.        Until and unless that is done the decree represents the account as settled.        In that ·sense the determination was final, and the decree of the surrogate's ·court, and for the purposes of this review it is so treated.

The leading question is whether or not the executor was charge-.able with the proceeds or profits of the livery business conducted by him after the death of the testator.        He clearly was so chargeable if he carried on the business as executor of the will, and such will be deemed his relation to the business for the purposes of accounting for the profits unless it may be treated otherwise by reason of the bequest of that livery property to him.        The principle is funda-mental that a trustee cannot be permitted to realize profit for him-·self from the appropriation or use of trust property or funds.        The deceased could not make testamentary disposition of any of his prop-·erty to the prejudice of his creditors, nor could the executor, by the bequest to him of the livery property, deny to the creditors the right to the full benefit of it as the assets of the estate of the de-cedent.        The legacy bequeathed to him was a specific legacy. As .a general rule such a legacy vests on the death of the testator, and the legatee from that time is entitled to the income and profits of the legacy.        3 Pom. Eq. Jur. § 1130; Kirby v. Potter, 4 Ves. 748; Barrington v. Tristam, 6 Ves. 345.        The title, however, of the leg-.atee, is inchoate until assent to the legacy is given by the executor. .and when such assent is given it is separated from the assets of the estate, and ceases to be part of them, and the inchoate title of the legatee is perfected.        2 Williams, Ex'rs, 1242; 2 Woerner, Adm'n, § 453; Hudson v. Reeve, 1 Barb. 89.        But, although the

legacy vests as of the time of the death of the testator, the assent of the executor is necessary to enable the legatee to obtain it at law. Doe v. Guy, 3 East, 120; Andrews v. Hunneman, 6 Pick. 126; Hudson v. Reeve, supra; Howard v. Heinerschit, 16 Hun, 177; Deposit Co. v. Price, 87 N. Y. 542. Such assent, however, cannot properly be given to the prejudice of the creditors; and, if given, and there is a deficiency in assets to pay the debts of the decedent, the legatee not only can be required to refund, but the executor by whose assent the legatee has taken the legacy may be required to account for it, with interest on its value. Spode v. Smith, 3 Russ. 511. Although an executor cannot by sale vest title in himself as an individual, yet, when the person who is the executor is himself the legatee of a specific legacy, his assent as executor may be available in his behalf, and may be implied when occasion permits. 2 Woerner, Adm'n, § 453; Chester v. Greer, 5 Humph. 26. But, as a specific legacy remaining as part of the estate, or not separated from it by assent, will abate pro rata or wholly on deficiency of assets, it is contemplated that the executor will not give his assent that the legatee of a specific legacy take it unless and until he has ascertained that there is no occasion to retain it for the payment of debts. Armstrong's Appeal, 63 Pa. St. 312.

In the present case the situation was not such as to justify the surrender by the representative to the individual of the things which constituted the specific legacy, which may be deemed abated, and therefore is subject to the jurisdiction of the surrogate's court. The legatee, nevertheless, having taken possession of such property, proceeded to carry on the livery business with it. This the executor as such could not lawfully do, although, if he did, without any other right or relation to such property, use it in conducting the business, the results, with a view to the profits only, would be recognized. It seems to me that, as bearing upon the question here, of the accounting, the bequest to the person who is the executor is entitled to some significance and consideration, consistently, however, only with the rights of the creditors of the testator. Their rights were to have the property he left—the proceeds or value of it—devoted to the payment of the debts. The appraisement duly made is prima facie the value of the property included in the inventory thereupon made, but not conclusive in that respect. Forbes v. Halsey, 26 N. Y. 53, 60. It is open to inquiry, and to proof that there were assets not included in the inventory and appraisal, and that those which were included, or some of them, had a greater value, or had been sold for more than their appraised value. The good will of the livery business was an asset which went to the executor, and is not included in the inventory. In re Randell's Estate (Surr.) 8 N. Y. Supp. 652. The business connected with the livery property bequeathed to the brother does not seem to have been treated by him as that of the executor as such, nor was the property treated by him as that of the estate. He, as occasion and convenience suggested, traded some of it for other property. He kept no account of the business as executor, and he says that he deemed himself as the owner debited with the appraised value of the livery property.

46 N.Y.S.—13

This tends to characterize the relation which he sought to give to that business. While, as against the creditors, the specific legacy may be deemed wholly abated, he, in view of the bequest to him, may not be deemed to have conducted the business in behalf of the estate and, therefore, did not become chargeable with the profits of that business. He must, however, account for the property, or the value of it, including the good will of the business and interest upon the amount, and for the rent of the premises occupied for such business. In re Mullon, 74 Hun, 358, 26 N. Y. Supp. 683; Id., 145 N. Y. 98, 39 N. E. 821.

Assuming, as by reason of the abatement of the legacy we do, that the livery stable property, as to the creditors of the testator, may be treated as part of the assets of the estate of the decedent, the omission to refile the Cunningham and Depew chattel mortgages as provided by the statute rendered the lien of them ineffectual as against such creditors. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11. In the view taken of the case it is unnecessary to consider any other question, as none other presented on this review may necessarily arise upon another accounting.

If these views are correct, the decree should be reversed, a new accounting be had in the surrogate's court, and for such purpose the proceeding remitted to that court to proceed therein. All concur.