### In re WARREN'S WILL.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 465*)—ACCOUNTS.

   Where testatrix bequeathed specific property to a legatee, and the property was not necessary for any purpose of administration, and the executor assented to the title of the legatee, but a third person who was in possession of the property claimed title thereto, the legatee was entitled to bring an action to recover the property, and hence the executor's accounts could not be surcharged with the value of the property.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1990–1992; Dec. Dig. § 465.*]

**2. WILLS (§ 733*)—LEGACY—TIME OF VESTING.**

A specific legacy vests in the legatee on the death of testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1821; Dec. Dig. § 733.*]

**3. EXECUTORS AND ADMINISTRATORS (§ 295*)—RIGHT TO ASSETS—SPECIFIC LEGACY.**

An executor has the right to reduce a specific legacy to possession and may hold it during the year after the letters are issued and until it is apparent that it is not necessary to use it for the payment of debts and expenses.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1185–1198; Dec. Dig. § 295.*]

**4. EXECUTORS AND ADMINISTRATORS (§§ 291, 318*)—RIGHT TO ASSETS.**

When an executor assents to the title of a specific legatee, such assent is irrevocable, and the title of the legatee becomes complete; the legatee, however, being liable to respond to the executor if the result proves that the property is necessary for the payment of debts or expenses of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1153–1163; Dec. Dig. §§ 291, 318.*]

**5. EXECUTORS AND ADMINISTRATORS (§ 513*)—ACCOUNTING—PROCEEDINGS.**

During the accounting of an executor, a specific legatee objected to the accounts on the ground that the executor had not taken possession of the bequeathed property and delivered it to the legatee, and the executor subscribed a petition, the attorney for the legatee having charge of the proceeding, for discovery of the property. The surrogate dismissed the proceeding on the ground that the legatee owned the property and that the proceedings could not be maintained by the executor, and, when the accounting was resumed, the surrogate held that the executor's accounts could not be surcharged with the property. *Held,* that by not appealing from such order the legatee could not seek to surcharge the the executor's account on final accounting.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 513.*]

Houghton and Sewell, JJ., dissenting.

Appeal from Surrogate's Court, Otsego County.

Judicial proceedings on the final settlements of the accounts of the Utica Trust & Deposit Company, as executors of the will of Alice Brooks Warren, deceased. Appeal by Grace H. Dunn and another from that portion of the decree of the Surrogate's Court disallowing objections to the account. Decree modified.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Lynn J. Arnold, for appellants.
J. W. Barnum, for respondent.

JOHN M. KELLOGG, J. [1] The testatrix bequeathed to the appellant Margaret Dunn her piano and pianola, and to Grace H. Dunn all her clothing, wearing apparel, other jewelry, and personal ornaments. The testatrix gave various legacies with the remainder of her estate to her infant son. Letters testamentary were issued April 6, 1909, and the executor filed its petition for final settlement September 21, 1910. All the general legacies and the expenses of

administration have been fully paid, and the only person now beneficially interested in the estate is the son of the testatrix.

At the time of her death, the testatrix and her husband and son were apparently residing with her father. The items of clothing which were conceded to belong to the testatrix were delivered by the executor to Grace H. Dunn. The piano and pianola were claimed to be the property of the father or of the son, and have ever since remained in the house which at the time of the death of the testatrix belonged to her father and since then to her son. The executor has never had possession of any of the property in question.

The appellant Grace H. Dunn claims that there were other items of wearing apparel belonging to the testatrix, and the appellants seek in this accounting to surcharge the accounts of the executor with the value of the piano and pianola and of the items of clothing which they claim belonged to the testatrix and which have not been delivered.

Evidently the title of the testatrix to the property is so much in doubt that neither the specific legatees nor the executor feel justified in incurring the costs and expenses of a lawsuit seeking its recovery. It is evident that, in order to recover this property from the residuary legatee, an action must be brought against him or his guardian, and the sole question to be determined is whether the specific legatees claiming the property shall bear the expense of the litigation, or whether such expense shall be charged upon the residuary legatee himself, by compelling the estate to bring the action.

Clearly the executor has assented to the bequests, so that the legatees have an adequate remedy to recover the property if it belonged to the testatrix. Stall v. Wilbur, 77 N. Y. 158; Matter of Van Houten, 18 App. Div. 301–304, 46 N. Y. Supp. 190.

The property has not by any act or neglect of the executor been lost to the specific legatees, and no act of the executor has prejudiced or lessened their title to it or its value. The specific legatees having a perfect right to maintain an action for its recovery, they are not in a very good position to claim that their failure to recover it is due to the neglect of the executor. The surrogate was right, therefore, in holding that the executor's accounts cannot be surcharged with the value of this property.

[2-4] A specific legacy vests in the legatee on the death of the testator. The executor, however, has the right to reduce it to possession and may hold it during the year after the letters are issued and until it is apparent that it is not necessary to use it for the payment of debts and the expenses of administration. He must then turn it over to the legatee, with its earnings and increase. Any interest he has in the property so bequeathed is thus qualified, and when he assents to the title of the legatee, thereby conceding that it is not necessary to use it for the purpose of administration, such assent is irrevocable, and the title of the legatee becomes complete; the legatee, however, being liable to respond to the executor if the result proves that it is necessary for the payment of debts or expenses of administration. Heaton on Surrogate's Practice, 1909 Revision, § 843; Blood v. Kane, 130 N. Y. 515, 29 N. E. 994, 15 L. R. A. 490.

[5] In this case it is apparent that the debts and funeral expenses are otherwise provided for, and this property is not necessary for any purpose of administration, and that the executor has assented to the title of the legatees. While the accounting was in progress, the legatees having objected to the accounts on the ground that the executor had not reduced this property to possession and delivered it to them, their attorney requested the executor to institute proceedings for discovery of the property, and the surrogate granted an adjournment at the request of the parties, the executor subscribed a petition, and the attorneys for the legatees had charge of the proceeding, which was undertaken at their request and for their benefit. The surrogate dismissed the proceeding by order made, and with the order handed down an opinion holding that all purposes of administration having been accomplished, and this property not being necessary for such purpose, and the executor having assented to the title of the legatees, that so far as the executor was concerned the legatees were the owners of the property, and the proceeding could not be maintained by the executor. When the accounting was resumed, the surrogate, acting upon that decision, held that the accounts of the executor could not be surcharged with this property, and that it had no further responsibility with reference to it. By not appealing from the former order, the legatees have so far acquiesced in it that they are not in a position to question its propriety in this proceeding. The specific legatees are entitled to just the benefits given them by the will. If the testatrix did not own the property given them it is their misfortune; the other beneficiaries are not required to incur the expense of an action for their benefit. They must take the legacy as they find it when the executor assents to it or suffer by their inaction. It is not the law, nor is it just, that the son of the testatrix should be charged with the expense of a litigation to recover this property from himself in favor of strangers in blood of the testatrix.

If the legatees desire to prosecute an action for the recovery of the property against the parties claiming it, they should be freed so far as possible from any embarrassment with reference to the assent of the executor, which we have assumed is apparent from the history of the case, and their title should be made clear so far as the executor is able to make it. It should therefore quitclaim to them any interest which the estate has in the property in question. The decree therefore should be modified by incorporating therein a provision that the executor shall transfer to them respectively the property specifically bequeathed to them by will so far as the estate has any interest therein, and as so modified affirmed, without costs. All concur, except HOUGHTON, J., dissenting in opinion in which SEWELL, J., concurs.

HOUGHTON, J. (dissenting). The appellants are specific legatees under the will of Alice Brooks Warren, deceased; the appellant Grace H. Dunn having been bequeathed all the clothing, wearing apparel, jewelry, and personal ornaments of the deceased, as well as a money legacy of $2,000, and the appellant Margaret having been given a piano and pianola.

The respondent Utica Trust & Deposit Company was named as executor, and upon probate of the will qualified as such and made an inventory by which the articles specifically bequeathed to appellant Grace were inventoried at a lump sum of $50, and a memorandum was made that the piano and pianola bequeathed to the appellant Margaret, supposed to be of the value of about $125, was claimed by George Brooks, the father of the testatrix, to be his property. Thereafter the executor filed its petition asking for a final judicial settlement of its accounts as such and cited the appellants thereto. An account was filed which stated that the personal property bequeathed to appellant Grace and inventoried at $50 had been turned over to her, and that the piano and pianola had not been delivered to Margaret because of the above claim of ownership.

Contesting allegations were filed by both appellants; Grace claiming that all of the articles bequeathed had not been delivered to her and asking that the same be done, and the appellant Margaret claiming that it was the duty of the executor to turn over to her the piano and pianola, and each asking in default of delivery that the executor account for the respective values.

At the request of the appellants, the executor instituted proceedings before the surrogate for discovery of assets for the purpose of ascertaining the whereabouts and claimed ownership of the various articles specifically bequeathed, which proceeding was subsequently dismissed on the ground that all debts of the estate having been paid, and the executor having assented to the specific legatees taking possession of the specific legacies, title thereto vested wholly in them, and the executor was thereby relieved from any duty of obtaining possession and delivering such articles over to them.

Appellants' objections to the account were overruled on the same ground, and from that part of the decree so adjudging the appellants appeal.

The claim of respondent that the intermediate decision of the learned surrogate on dismissal of the discovery proceeding, made on the ground that the executor, having assented to the specific legatees taking possession of their legacies, had no further title, was res adjudicata because the appellants assisted therein, is untenable. Such a proceeding can be taken only by the executor or administrator against a third person, and, whether any binding adjudication may be made in such a proceeding or not, none was made in the present case.

The question to be determined is whether it is the duty of an executor to obtain possession of specific legacies bequeathed under a will and deliver them over to the specific legatees, or whether he performs his duty by marshaling sufficient of the assets to pay the debts and then assenting to the legatee taking possession of the specific legacies wherever he may find them and in such manner as he shall be able.

I am of opinion that it is the duty of the executor to obtain possession of the specific legacies, if possible, and deliver them over to the specific legatee. Section 2721 of the Code of Civil Procedure provides that no legacy shall be paid by an executor until after the

expiration of one year from the time of granting letters testamentary, unless directed by the will to be sooner paid, and that after the expiration of one year the executor must *discharge* the specific legacies bequeathed by the will and *pay* the general legacies, if there be assets. This section of the Code, in the respect indicated, is taken from section 45, tit. 3, c. 6, pt. 2, of the Revised Statutes. In Bevan v. Cooper, 7 Hun, 117, it is said that this section (section 45, Rev. St.)—

"declares that after the expiration of one year from the granting of letters testamentary or of administration, the executors or administrators shall *discharge* the specific legacies bequeathed by any will and pay the general legacies if there be assets. * * * It will be observed that the general legacies are to be paid at the expiration of one year, and that they are subject to abatement, but the specific legacies are to be *discharged.* In respect to the latter, the duty of the executor is to make them over, or deliver them specifically to the legatee, in the substantial condition in which they were when the will became operative."

The foregoing decision was reversed in 72 N. Y. 317, 327, upon another ground; the court stating, however, that it would affirm the decree except for the fact that the Surrogate's Court had no jurisdiction over the particular dispute involved.

The chapter devoted to specific legacies in Williams on Executors (volume 2 [7th Am. Ed.] p. 765) concludes as follows:

"It may be observed in conclusion that it is the duty of executors so far as possible to preserve articles specifically bequeathed according to the testator's wish; and unless compelled they ought not to apply them to the payment of debts. And it may be further remarked that it is also the duty of the executors to get in all the testator's estate whether specifically bequeathed or otherwise; and that the expenses incurred in doing so must be paid out of the general estate as part of the expenses of administration."

The section of the Code above referred to indicates such duty on the part of the executor. The word "discharge," in the sense in which it is employed, imports delivery. An executor, of course, performs this duty of delivery by assenting to the specific legatee retaining the legacy if he has it in his possession, or in assenting that the specific legatee take possession of it from another if he can do so peaceably. But an executor cannot relieve himself from responsibility by assenting that a specific legatee take possession where the property is in the hands of a third person who refuses to deliver. In such a case it is the duty of the executor to obtain possession from the hostile possessor and deliver over to the legatee, or to show that he could not obtain possession because the one in possession had shown title superior to that of his testator. Where a specific legacy is bequeathed, it is the intention of the testator that his executor shall hand the thing named over to the specific legatee; and, if an action at law is necessary before that can be done, the executor must bring the action at the expense of the estate. He cannot, as was attempted to be done in the present case, turn a lawsuit over to the specific legatee in place of the specific legacy.

The authorities upon which the respondent relies, and which misled the learned surrogate, deal with the perfecting of title in the

specific legatee through assent on the part of the executor. They have no application to the primary duty of the executor to reduce the specific legacies to possession so they can be delivered to the specific legatee in case they are not required for the payment of debts.

I think that part of the decree appealed from should be reversed, and the matter remitted to the Surrogate's Court for such further action as the parties may be advised.