Surrogate's Court, New York County, July, 1920.    [Vol. 112.

being or in the nature of a moneyed corporation, a railroad or transportation corporation, or a public service or manufacturing corporation as defined and classified by the laws of this state  *  *  *.''

The appellants contend that the words '' other evidences of interest in any corporation  *  *  *  domestic or foreign '' in the quotation just made refer to shares of stock and that, therefore, the stock owned by decedent in a domestic manufacturing corporation is not taxable. I do not think that this construction can reasonably be placed on the statute. The exception obviously applies only to the bonds of the corporations specified. The words '' evidence of interest '' are *in pari materia* with bonds, notes, mortgages. If it were intended to exclude from the operation of the act the transfer of stocks as well as bonds of manufacturing corporations owning real estate the words '' of a foreign corporation, joint stock company or association '' immediately following the words '' except the shares of stock '' would have been omitted. The appraiser has properly included the shares of stock among the taxable assets of the decedent's estate. The order fixing tax will be affirmed.

Order affirmed.

---

Matter of the Estate of LILLIE FURST, Deceased.

(Surrogate's Court, New York County, July, 1920.)

**Accounting — when account of executor may not be charged with specific bequests — executors and administrators.**

Where an executor does not claim the right to the possession of an article of personal property specifically bequeathed and shows that the same is not in his possession nor needed in the administration of the estate, the legatee must take it as and where it is and prosecute any action necessary for its recovery, and the account of the executor may not be charged therewith.

OBJECTIONS to account of executor.

Irwin Slote, for objector.

William P. Pickett, for petitioner.

Bennett E. Siegelstein (Franklin Bien, of counsel), for petitioner.

William J. Burke, special guardian for the infant.

COHALAN, S. The bequest of the testatrix's diamond bar pin to the objectant, Jennie Whitehead, is a specific legacy and title to the same vested in the objectant immediately upon the death of the testatrix, subject only to the right of the executor to use the property for the purpose of paying debts, expenses of administration or otherwise, if it might be necessary by reason of insufficiency of general assets of the estate. The account as filed shows that the general assets are sufficient to pay all debts and expenses of administration. The executor has by implication assented to the title of the objectant to this specific legacy by stating that he has no such diamond bar pin in his possession, but offering the only other bar pin that he has. The executor does not claim the right to possession of the diamond bar pin in question, but shows that, as he has not the same, he cannot make delivery. It is admitted on the part of the objectant that the diamond bar pin is not in the possession of the executor, but the objectant seeks to compel the executor to reduce the same to possession by discovery proceeding or otherwise. The assent of the executor to the title of the objectant to the property in question has become complete and irrevocable and the title to this diamond bar pin is vested in the specific legatee. *Matter of Utica Trust & Deposit Co.,* 148 App. Div. 525; *Matter of Columbia Trust Co.,* 186 id. 377. As the executor has

Surrogate's Court, New York County, July, 1920.    [Vol. 112.

not taken possession of the diamond bar pin and as it is not needed in the administration of the estate, the legatee in whom the title vested must care for it at his peril and must take it as and where it is. *Matter of Columbia Trust Co., supra.* Any action necessary for the recovery of the property must be prosecuted by the specific legatee and so that the title in this legatee shall be made clear the decree on this accounting should contain a provision directing the executor to transfer to the specific legatee any interest so far as the estate is concerned in this diamond bar pin. *Matter of Utica Trust & Deposit Co., supra.* The objections, therefore, which seek to charge the executor's account with the specific article must be dismissed.

Objections dismissed.