ANGELO MAGGIO, Plaintiff, *v.* FELICIANO ACIERNO and Others, Defendants.

Supreme Court, New York Special Term, June, 1923.

Mortgages — chattel mortgage covering fixtures and lease — when lien of mortgage on lease lost — summary proceedings — eviction of tenant — failure to exercise rights to redeem.

On October 31, 1917, the principal defendants made and delivered to plaintiff certain promissory notes and as security therefor executed and delivered to him a chattel mortgage covering a lease to them of certain premises and certain articles of personal property. The mortgage was duly filed in the office of the register of New York county on November 5, 1917, and renewals thereof were duly filed on November 1, 1918, November 25, 1919, and on October 25, 1920, but no renewal of the mortgage was filed within thirty days next preceding November 1, 1919, as required by section 235 of the Lien Law. The original lessor instituted summary proceedings to dispossess the lessee, the mortgagee and all others claiming rights in the premises under the lease or as lienors, and the warrant in favor of the landlord was duly executed March 1, 1918, thus terminating the lease. Neither the lessee nor the mortgagee exercised their right to redeem under section 1437 of the Civil Practice Act. In an action to foreclose the chattel mortgage, *held*, that the lien of the mortgage was lost through neglect in not properly renewing it and the rights of the plaintiff as mortgagee against the original lessor, who was not made a party to the present action, were cut off by the summary proceedings.

Judgment in favor of plaintiff granted as against the defendant chattel mortgagors, on their consent and admission and judgment granted in favor of all other defendants against the plaintiff.

ACTION to foreclose chattel mortgage.

*Rosario Maggio*, for plaintiff.

*Joseph Paimo*, for defendants Acierno.

*Howard S. Bird*, for defendant New Atlantic Garden Inc.

BURR, J.   This is an action to foreclose a chattel mortgage. It appears that on October 31, 1917, the defendants Acierno made and delivered to the plaintiff six promissory notes, aggregating $2,286, and executed to plaintiff a chattel mortgage to secure their payment.   This chattel mortgage covered a lease to Acierno of Atlantic Garden on the Bowery, also some chairs, an electric sign, moving pictures, etc., placed by the lessee in the premises.   The mortgage was duly filed on November 5, 1917, and renewals thereof were filed thereafter in the office of the register of New York county on November 1, 1918, November 25, 1919, and October 25, 1920. Under section 235 of the Lien Law it is provided that " a chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor, and against subsequent purchasers or mortgagees in good faith, after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless (1) within thirty days next preceding the expiration of each such term, a statement containing a description of such mortgage, the names of the parties, the time when and place where filed, the interest of the mortgagee or any person who has succeeded to his interest in the property claimed by virtue thereof  *  *  *  is filed in the proper office in the city or town where the mortgagor then resided."   The present section 235 of the Lien Law is identical with the provisions of former section 95, requiring filing and renewal.   In *Salmon* v. *Norris*, 82 App. Div. 362, 364, it was held:   " There can be no question that by section 95 of the Lien Law (Laws of 1897, chap. 418, as amd. by Laws of 1901, chap. 219), a chattel mortgage not renewed within the year after its filing ceases to be valid and is of no force or operation whatever as against subsequent creditors or mortgagees in good faith any more than if the mortgage never existed. (*Tremaine* v. *Mortimer*, 128 N. Y. 1; *Karst* v. *Gane*, 126 id. 316; *Matter of New York Economical Printing Co.*, 110 Fed. Rep. 514.)" No renewal of the chattel mortgage was filed within thirty days next preceding November 1, 1919; therefore, section 235 of the Lien Law has not been complied with, and thus the chattel mortgage was invalidated and the plaintiff cannot recover against the defendant New Atlantic Garden, Inc.   Furthermore, the plaintiff's rights as mortgagee against the original lessor, the Atlantic Garden Realty Corporation, were cut off by the summary proceedings taken by the said lessor to dispossess the lessee, the mortgagee and all others

claiming rights in the premises under the lease or as lienors. The warrant of dispossess was duly executed March 1, 1918, and thus terminated the lease. Under section 1437 of the Civil Practice Act, the lessee and the mortgagee had one year thereafter in which to redeem and thus protect their rights. This was not done. The lien secured by the mortgagee was lost through neglect in not properly renewing the same. Even though the defendants knew of the mortgage it would not avert the legal consequences of the execution of the warrant of dispossess and the lack of redemption. The warrant of dispossess does not appear to be attacked and such attack, if here made, would be futile. The original lessor, the Atlantic Garden Realty Company, at whose instance such warrant was issued and executed, is not made a party to this action. Judgment is allowed in favor of plaintiff against the defendants Acierno on their consent and admission, and judgment in favor of the other defendants is allowed against plaintiff. Settle all findings on notice, and if either party objects to any finding proposed by opposing party such party will so state, giving the reasons therefor.

Judgment accordingly.